# United States Court of Appeals

*For the Seventh Circuit*
*Chicago, Illinois 60604*

July 2, 2001

*Before*

Honorable RICHARD D. CUDAHY, Circuit Judge

Honorable MICHAEL S. KANNE, Circuit Judge

Honorable ILANA DIAMOND ROVNER, Circuit Judge

No. 98-3659

| | |
|---|---|
| GREGORY AGNEW, | ) Appeal from the United States |
| | ) District Court for the Northern |
| *Petitioner-Appellant* | ) District of Illinois, Eastern Division |
| | ) |
| v. | ) No. 95 C 3700 |
| | ) |
| BLAIR J. LEIBACH, | ) **Blanche M. Manning**, *Judge*. |
| | ) |
| *Respondent-Appellee.* | ) |

## ORDER

The Opinion issued in the above captioned case, Agnew v. Leibach, No. 98-3659 (7th Cir. May 21, 2001) is hereby modified as follows. The first paragraph of section II. D. on page 21 of the slip opinion will be replaced with the following paragraph:

The government finally contends that even if the trial court erred in allowing Deputy House to testify after he had served as bailiff, the error was harmless. Neither party briefed the issue of whether this is the type of constitutional error subject to harmless error analysis, or whether it should be treated as a structural error. In both Turner and Gonzales, the Supreme Court granted the writ without considering whether the error was harmless. Nevertheless, we need not decide today whether the error is structural because we find in any event that it was not harmless. Constitutional error in a *habeas* case is not harmless if it "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). Under this standard, the petitioner must show actual prejudice in order to obtain relief based on a trial error.